UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>LEED CORPORATION,<br><br>   Debtor. | Case No. 20-40984-NGH |
| LEED CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>LINCOLN COUNTY,<br><br>   Defendant. | Adv. No. 23-08007-NGH |

## MEMORANDUM OF DECISION

On April 13, 2023, the chapter 11[1] debtor, Leed Corporation ("Debtor"), filed a notice of removal in order to remove Case No. CV32-23-00037 from the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Lincoln, and initiated the above captioned adversary proceeding.[2] Lincoln County (the "County")

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] On March 22, 2023, Debtor improperly filed a "Motion to Remove to Federal Court" in an existing adversary proceeding, Case No. 23-08002-NGH at Doc. No. 7. Several matters related to removal and remand were then filed in the 23-08002 adversary proceeding. After the Court instructed (Continued)

MEMORANDUM OF DECISION - 1

filed a motion to remand. Doc. No. 19. On June 16, 2023, the Court held a hearing on the County's request to remand[3] and motions to intervene filed by several interested parties.[4] The parties presented their arguments regarding the motion to remand the removed state court action and the motions to intervene. At the conclusion of the hearing, the Court took the matters under advisement. The following constitutes the Court's conclusions of law.

## DISCUSSION AND DISPOSITION

### A.    Removal and Remand

28 U.S.C. § 1452[5] and Rule 9027 govern removal of civil litigation to the Bankruptcy Court. Removal under 28 U.S.C. § 1452 is specifically prohibited where the civil action is brought by a governmental unit to enforce its police or regulatory power.

---

Debtor that the applicable statute and Rules required a notice of removal, a separate adversary, and additional information, Debtor initiated this adversary with the required notice of removal. The filings in 23-08002 related to the removal were copied into this case. *See e.g.* Doc. Nos. 14 (motion to remove); 15 (answer with request for remand), 16 (Court order addressing removal), 17 (Debtor's supplement regarding consent and jurisdictional statement), 18 (Lincoln County's statement denying consent), 19 (motion to remand), 20 (memorandum in support of remand), 21 (Debtor's memorandum in support of retaining jurisdiction). Despite the initial confusion, the parties do not dispute that the removal and request for remand were timely filed.

[3] At the June 16 hearing, the County orally consented to this Court entering final orders or judgments in this matter, thus altering its initially filed declaration withholding such consent. Doc. No. 18.

[4] Four parties filed motions to intervene—Olsen Taggart PLLC; North Canyon Properties, LLC; Red Rock Capital Group, LLC; and Northside Developers, LLC. Despite the fact that those motions to intervene were not resolved, the potential intervenors were allowed to present arguments regarding the motion to remand.

[5] 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

MEMORANDUM OF DECISION - 2

Interpreting and enforcing zoning laws has been recognized by multiple courts as falling within the "police or regulatory power" exception found in 28 U.S.C. § 1452(a). One bankruptcy court noted that "[e]nforcement of zoning ordinances are intrinsically local and affirmance or reversal of the grant is an exercise of the municipality's regulatory power." *Adolay v. Metro. Bd. of Zoning Appeals of Marion Cnty. Ind. (In re Three Sisters Nursing Home, Inc.)*, 2012 WL 14264, at *1 (Bankr. S.D. Ind. Jan. 4, 2012) (citing *Garland & LaChance Constr. Co. v. City of Keene Plan. Bd.*, 144 B .R. 586, 593–94 (D.N.H. 1991) (holding that reviewing a decision of a local planning board requires the "interpretation and application of state and local land use planning and zoning laws" and that "[t]here is no precedent for federal involvement in such matters" and that "the federal courts should be apprehensive of the possibility of opening the floodgates to allow such matters to be litigated in the Bankruptcy Courts under the guise of 'core' proceedings"), and *In re Union Golf of Fla., Inc.*, 242 B.R. 51, 58 (Bankr. M.D. Fla. 1998) (holding that the terms of a confirmed chapter 11 plan were not binding on zoning authority and that zoning authority was allowed to enforce ordinance against debtor, noting that to hold otherwise was a "de facto removal" of the zoning enforcement action to bankruptcy court, which would have been prohibited by 28 U.S.C. § 1452(a))).

In another context, the First Circuit Court of Appeals recognized that a town's enforcement of its zoning ordinances falls within the exception to the automatic stay for a governmental unit to commence or continue litigation to enforce its police or regulatory powers. *See Cournoyer v. Town of Lincoln*, 790 F.2d 971, 976–77 (1st Cir. 1986). The *Cournoyer* decision makes it clear that the Bankruptcy Code does not relieve debtors

MEMORANDUM OF DECISION - 3

from the potentially unwelcome effects of valid, local laws restricting use of their real property.  However, as *Cournoyer* noted, debtors have the right to challenge application of zoning ordinances in state court.

This prohibition under 28 U.S.C. § 1452(a) is at issue here.  The County is a governmental unit.  The County's state court complaint contains four counts for declaratory relief, asking the state court to declare that:  1) Debtor's 2018 sale of a specified lot of real property violated the County's 2006 subdivision approval; 2) Debtor's 2018 sale violated the County's cluster ordinance; 3) the County may withhold permits on other undeveloped portions of the subdivision at issue given the alleged zoning violations; and 4) the County may withhold permits on open space lots given the alleged zoning violations.  Thus, the County appears to have initiated the state court action to enforce its zoning and subdivision ordinances.

Debtor and intervenors argue that the County's state court complaint is really part of a contract dispute.  They point to a 2011 approved settlement agreement between the County and Debtor from a 2010 bankruptcy case.  *See* Case No. 10-40743-JDP at Doc. No. 534.  Olsen Taggart PLLC asserts that while a county generally has broad jurisdiction over zoning issues, the County voluntarily constrained that jurisdiction by entering into the 2011 stipulation and turning its zoning authority into a contract term enforceable by the bankruptcy court.  Debtor argues that the County has breached that contract and it is this Court that must interpret that stipulation/agreement in order to maintain the integrity of the bankruptcy system.  Indeed, Debtor filed a complaint against the County asserting claims for contempt and sanctions, breach of contract, tortious

MEMORANDUM OF DECISION - 4

interference of contract, and declaratory relief, all concerning the alleged violations of the settlement agreement by the County regarding its zoning ordinances and demands.  Case No. 23-08002-NGH.[6]

Debtor argues the zoning dispute is a red herring and this Court must interpret the parties' stipulation and determine the breach of contract issue.  The Court disagrees.  On its face, the state court complaint addressing the County's zoning ordinances and enforcement of the same falls within the express exception to the removal statute.  Nothing Debtor or the intervenors presented alters that fact.  Debtor's suggestion that this Court can look behind the state court complaint and analyze the County's attempts to enforce its zoning ordinances in the guise of interpreting the 2011 stipulated agreement is unpersuasive.  If Debtor and Olsen Taggart PLLC are correct, the 2011 stipulation may provide a defense to the County's attempts to enforce its zoning ordinances, but that goes to the merits of the state court dispute and is a defense the state court can analyze.  Nothing precludes Debtor from raising the 2011 stipulation as a defense in the state court action, and nothing precludes the state court from interpreting the 2011 stipulation and any possible effect it may have on the County's later zoning enforcement action.

---

[6] Debtor requested that the removed state court action be consolidated with its breach of contract adversary proceeding.  Case No. 23-08002-NGH at Doc. No. 7.  That motion has not been resolved given the motion to remand the removed cause of action.  In addition, Debtor did not adequately explain why it associated the adversary complaint against the County with Debtor's 2020 bankruptcy case instead of Debtor's 2010 bankruptcy case in which the 2011 stipulation was entered and approved.  After the June 16 hearing, Debtor reopened the 2010 bankruptcy case, filed another adversary complaint against the County, 23-08016-NGH, and filed a motion to consolidate the three adversary proceedings—Adv. Case Nos. 23-08002, 23-08007, and 23-08016—from two separate bankruptcy cases—Case Nos. 10-40743-NGH and 20-40984-NGH.  The motion to consolidate is filed in Case No. 10-40743 at Doc. No. 729.

MEMORANDUM OF DECISION - 5

Thus, the Court concludes 28 U.S.C. § 1452(a) precludes the removal of the state court civil action, and it will enter an order remanding the civil litigation back to state court.

### B. Motions to Intervene

As noted, four parties filed motions to intervene in the removed cause of action: Olsen Taggart PLLC, Doc. No. 8; North Canyon Properties, LLC, Doc. No. 25; Northside Developers, LLC, Doc. No. 26; and Red Rock Capital Group, LLC, Doc. No. 27. Two of those parties (North Canyon Properties, LLC and Northside Developers, LLC) are named defendants in the County's state court complaint. As such, there does not appear to be a need for them to intervene. As to the remaining two, they claim they should be allowed to intervene as a matter of right under Civil Rule 24(a)(2), made applicable by Rule 7024, to protect claims owed to them by Debtor.

Given the fact that the Court has determined remand is required and appropriate, the applicable authority for intervention in state court will be Idaho Rule of Civil Procedure 24. Despite the fact that the state and federal civil rules appear to be identical, the Court concludes it should leave analysis of that rule and its application to the facts of this case to the court overseeing the litigation. As such, the Court will enter an order denying the motions to intervene as moot given the remand to state court. Such denial will be without prejudice to the parties filing motions to intervene under Idaho law in the Idaho case for the state court to review and rule upon.

MEMORANDUM OF DECISION - 6

### C. Motion to Stay

After the motion to remand was taken under advisement, Debtor filed a motion to stay, Doc. No. 44, and set the same for hearing on August 21, 2023. The motion asks the Court to stay any decision on the remand as "[a] decision at this juncture isn't necessary and may create dueling jurisdictions on the same matters and negatively impact . . . Debtor's motions and the new adversary proceeding in the Leed Case No. 10-40743-JDP." Debtor did not cite to any authority for such a stay. The Court's decision on the motion to remand was based on the statutory exception to removal authority. Staying the decision to remand after the Court concludes it was not properly removed, and thus the Court cannot preside over the litigation, is illogical. Thus, the Court will deny the motion to stay. However, Debtor's motion to stay and Debtor's arguments at hearing raise a legitimate concern over the duplication involved in the litigation in this Court (Adv. Case No. 23-08002-NGH and the more recent Adv. Case No. 23-08016-NGH) and the state court litigation. As such, the Court will enter orders in the related adversary proceedings setting a status conference to discuss the propriety of the Court staying those cases and/or abstaining from ruling given the existence of the zoning issues being pursued and resolved in state court.

## CONCLUSION

As the Court concludes remand is appropriate, it will enter an order granting the County's motion to remand and instructing the Clerk to remand this adversary back to the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of

MEMORANDUM OF DECISION - 7

Lincoln; denying the motions to intervene as moot; and denying Debtor's motion to stay the remand decision.

DATED: July 20, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 8